IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | |
| JASON SMITH | ) | 1:13-CR-136-TWT-RGV |

**DEFENDANT'S MOTION FOR A *DAUBERT* HEARING
AND BRIEF IN SUPPORT**

Comes now the Defendant, Jason Smith, by and through his attorney, and moves this Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rules 702, 703 and 705 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993), and its progeny, including *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999), for a hearing to determine the admissibility of any alleged expert testimony the government will seek to introduce at the trial of this case.

1.

The defense believes the government will seek to call an expert witness regarding the weight of the methamphetamine. In this case, the weight issue is complicated by the fact that the methamphetamine was spilled in a hotel lobby and was gathered up not by a crime scene technician, but by the officer, using a broom to sweep the lobby floor, which broom belonged to the hotel and was contaminated with

other substances, as was the swept floor, and thus, the methamphetamine.

2.

The government has not yet complied with Rule 16 and Mr. Smith asks this Court to order the government to comply with Rule 16, so that Mr. Smith may retain an expert quickly. While the government did produce two single page reports, which sets out the tests performed and the purported opinion, they have not provided a written summary of the basis and reasons for that opinion, or the witness' qualifications, pursuant to F.R.Crim.Pro 16(a)(1)(G). Specifically, Mr. Smith asks that the government turn over "Technical notes and data supporting the conclusions and findings in the report" which are maintained in the "laboratory case records," according to the lab report. These technical notes and date are the basis and reasons for the expert's conclusion, and are needed by the defense to litigate this issue. In addition, Mr. Smith asks that the government produce Mosammat Begum's CV. In addition, since Officer K.A. Franczek "gathered" the evidence, Mr. Smith would request information regarding his experience and training in the gathering of evidence, not contained in any packaging. This information is relevant and crucial information in the *Daubert* inquiry.

3.

At this point, counsel submits that the testimony of any alleged government

expert should be excluded from this trial, based on the failure to comply with Rule 16. If, however, the government should comply with Rule 16, Defendant seeks a hearing to determine whether the government's proposed expert testimony is admissible. The government has the burden to establish the admissibility of any alleged expert testimony. *United States v. Frazier*, 387 F 3d 1244 (11th Cir. 2004).

4.

As the Supreme Court found in *Daubert*, and its subsequent decision in *Kumho*, the District Court acts as a "gate keeper" of alleged expert testimony. As the gate keeper, the Court has an obligation to hold hearings pursuant to Rule 104 to determine the admissibility of alleged expert testimony.

5.

Further, such a hearing is necessary so the Court can determine whether such evidence must be excluded pursuant to Rule 402, irrelevant evidence, Rule 403, prejudicial evidence, or Rule 703, inadmissible evidence, of the Federal Rules of Evidence.

6.

Prior to any hearing, the defense will need the government to fulfill its obligation under Rule 16(a)(1)(G).

## **Conclusion**

For all of the above reasons, if the Court does not exclude the government's expert testimony for failure to comply with Rule 16, the Court should hold a *Daubert* hearing.

Dated: This 8th day of May, 2013.

                                        Respectfully submitted,

                                        s/ *Mildred Geckler Dunn, Esq.*
                                        Georgia State Bar No. 323373
                                        Attorney for Jason Smith

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2013, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Kamel Ghali, Esq.
    Assistant United States Attorney
    600 Richard B. Russell Building
    75 Spring Street, S. W.
    Atlanta, Georgia  30303

                                      s/ *Mildred Geckler Dunn, Esq.*
                                      Georgia State Bar No. 323373
                                      Attorney for Jason Smith

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org