```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF GEORGIA
                             ATLANTA DIVISION

UNITED STATES OF AMERICA,      |
      Plaintiff,               |    INDICTMENT NO.:
                               |    1:13-CR-136-TWT-RGV-1
      v.                       |
                               |
JASON LEONARD SMITH,           |
      Defendant,               |
```

## MOTION APPEALING THE MAGISTRATE'S DETENTION ORDER OF DETENTION

**COMES NOW** Defendant, Jason Leonard Smith, by and through undersigned counsel, and files this, his Motion Appealing to the District Court the Magistrate's Detention Order rendered on April 30, 2013. In support thereof, Defendant shows as follows:

On April 30, 2013, the Magistrate heard evidence on the issue of Defendant's detention pending the trial of the above-styled matter. (Doc. 10). Prior to the detention hearing, the government moved to detain Defendant alleging that the allegations against him created a "rebuttable presumption" that he was a danger to the community and a risk of flight. (Doc. 4). During the detention hearing, the court heard evidence as to those issues and concluded that although Defendant was ***not*** a risk of flight, because there were conditions of bond that would assure his presence in court for trial, he still had not overcome the presumption that he was a danger to the community.

1

L. DAVID WOLFE, P.C. • 101 MARIETTA STREET N.W. SUITE 3325 • ATLANTA, GEORGIA 30303
TELEPHONE 404.352.5000 • FACSIMILE 404.524.2467

As a result, the Court ordered that Defendant be detained. (Doc. 35). During her discussion with Defense Counsel at the detention hearing regarding her belief that Defendant would be a danger if released on bond, the Court emphasized Defendant's addiction to drugs and the unavailability of a "lock down" treatment facility where he could be housed for a period of time were she to grant a bond pending the trial of the indictment against him.

Defendant then filed a motion for reconsideration of the detention order on July 21, 2013, (Doc. 39), containing information which answered many of the questions posed by the court at the hearing as to conditions available regarding the concerns expressed which would allow for his possible release pending trial. After a hearing on Defendant's Motion to Reconsider the Detention Order the Magistrate denied said motion on August 5, 2013. (Doc. 42).

It is from the denial of Defendant's motions for bond that he appeals to the District Court.

## ARGUMENT AND CITATION OF AUTHORITY

I.  **Pretrial Detention Intended For Limited "Small But Identifiable Group".**

In the fall of 1984, Congress passed the Comprehensive Crime Control Act of 1984. Among other matters, the CCA provided for pretrial detention of presumptively innocent

2

citizens without bail.  *See* 18 USC 3146(d) and (f).  Although the Supreme Court carefully placed preventive detention in the regulatory category, it did so only because it perceived a "number of procedural rights" attendant to the detention process.  <u>United States v Salerno</u>, 481 U.S. 739 (1986).  Detention, however, was intended to apply only to "a small but identifiable group of particularly dangerous defendants", S.Rep. No. 98-225 at 6-7, "demonstrably dangerous defendants", S.Rep. No. 97-318, 97th Cong.2d Sess. 38 (1982), "a reasonably identifiable group of defendants who would pose a serious risk to the safety of others if released", due to a "strong possibility" that the Defendant will commit additional crimes if released.  S.Rep. No. 98-225 at 7, 10.  In <u>Salerno</u>, the Supreme Court found the procedural standard implementing Congressional intent to require the government to muster "convincing proof" that the Defendant presents a "demonstrable danger" to the community.  107 S.Ct. at 2103.  It was only in these "narrow circumstances" that preventative detention escapes the per se due process challenge.  <u>Id</u>.  Indeed, as the Eighth Circuit has noted:

> In making a pretrial detention determination, a judicial officer must bear in mind that 'passage of the pretrial detention provision of the 1984 Act did not...signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial.' <u>United States v Orta</u>, 760 F.2d 887 (9th Cir.

3

1985); see also United States v Acevedo-Ramos, 755 F.2d 203 (5th Cir. 1985).

See also, United States v Clark, 865 F.2d 1433 (4th Cir. 1989) (Phillips, C.J., dissenting, reviewing Congressional history noting that the Supreme Court in Salerno specified that "In our society liberty is the norm..." and pretrial detention remains constitutional only because of the "sufficiently powerful procedural protections" attendant to detention hearings); S.Rep. No. 98-225, reprinted in 1987 U.S. Code Cong. & Admin. News: "The decision to provide for pretrial detention is in no way a derogation of the importance of the Defendant's interest in remaining at liberty prior to trial". Id. at 3189.

**II.   A Danger to The Community**

The magistrate found that Defendant was not a risk of flight, although she also concluded that there were no conditions which would alleviate the danger he posed to the community were he to be released on bond. (Doc. 35). At the detention hearing, before making this determination, the court relied in large part upon Defendant's drug addiction and the impact it had on his criminal history. Specifically, the court expressed reservations regarding the capacity of the "Harbor Light" inpatient drug treatment facility to secure Defendant 24/7, as it was doubtful that they offered a "lock down" component to the treatment program there. Moreover, the court was unsure as to whether Defendant could be allowed

4

electronically monitored while a resident at the facility. (T-12, Detention hearing).

Additionally, regarding Defendant's criminal history, although the court acknowledged that his prior convictions were old she nevertheless referred to them as indicia of dangerousness. However, considering the facts and circumstances identified at the detention hearing surrounding those convictions, it is unclear as to whether the reasoning behind the detention order was based upon "clear and convincing evidence" that no combination of conditions could reasonably assure the safety of other persons and the community.

> [T]here is a small but identifiable group of <u>particularly dangerous defendants</u> as to whom neither the imposition of the stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this <u>limited group of offenders</u> that the courts must be given the power to deny release pending trial.  1994 U.S.C.C.A.N. 3189 (emphasis added).

The government did not put forth evidence which showed by the clear and convincing standard that Defendant belonged in this limited group. Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty.  <u>Id</u>. The "statute clearly requires" this level of proof in order to conclude that

5

L. DAVID WOLFE, P.C. • 101 MARIETTA STREET N.W. SUITE 3325 • ATLANTA, GEORGIA 30303
TELEPHONE 404.352.5000 • FACSIMILE 404.524.2467

a defendant is so dangerous that he should be detained prior to trial.  <u>United States v Moore</u>, 607 F. Supp. 489, 496 (N.D. Cal. 1985); <u>United States v King</u>, *supra*, at 489, fn. 3.  The "clear and convincing evidence" standard requires more proof than a preponderance of evidence or even probable cause, but less than proof beyond a reasonable doubt required to demonstrate guilt.  <u>United States v Chimurenga</u>, 760 F.2d 400 (1985); <u>United States v Fortna</u>, 769 F.2d 243 (5th Cir. 1985).

Regarding Defendant's criminal history, as previously mentioned, the government and the court both acknowledged at the detention hearing that his convictions were quite old and that there had been no convictions or revocations within the last eight years.

## CONCLUSION

Based upon the within and foregoing information discussing the Magistrate's concerns with regard to Defendant's release from custody, Defendant submits that there are terms and conditions of release that will reasonably assure the safety of the community, and this Court should allow the Defendant to be released on bond subject to those conditions identified at the hearing on Defendant's motion to reconsider bond.

6

L. DAVID WOLFE, P.C. • 101 MARIETTA STREET N.W. SUITE 3325 • ATLANTA, GEORGIA 30303
TELEPHONE 404.352.5000 • FACSIMILE 404.524.2467

This 13th day of August, 2013.

                                        Respectfully submitted,

                                        <u>s/ L. David Wolfe</u>
                                        L. David Wolfe, P.C.
                                        State Bar No. 773325
                                        Attorney for Defendant
                                        profldwolfe@aol.com

L. DAVID WOLFE, P.C. • 101 MARIETTA STREET N.W. SUITE 3325 • ATLANTA, GEORGIA 30303
TELEPHONE 404.352.5000 • FACSIMILE 404.524.2467

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **INDICTMENT NO.:** |
| | **1:13-CR-136-TWT-RGV-1** |
| **v.** | |
| | |
| **JASON LEONARD SMITH,** | |
| **Defendant,** | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **MOTION APPEALING TO THE DISTRICT COURT THE MAGISTRATE'S DETENTION ORDER** by electronically filing with the Clerk of the Court by using CM/ECF, which will automatically send email notification of such filing to the following:

**Kamal Ghali**
Assistant United Governments Attorney
Suite 600, Richard Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
*Kamal.ghali@usdoj.gov*

This 13th day of August, 2013.

s/ L. David Wolfe
L. David Wolfe, P.C.
Georgia Bar No. 773325
Attorney for Defendant
*profldwolfe@aol.com*
